NOS. 2015-19565 & 2015-089174

APPEAL NO. 2015-00448-CV & 2015-647-CV

~~NO 01-201~~

NOS. 01-15-00448-CV & 01-15-00645-CV

| | |
|---|---|
| Prophet Ronald Dwayne Whitfield, | In The 295TH |
| Plaintiff-Appellant | DISTRICT COURT |
| v. | of Harris County, TEXAS |
| | & |
| | FIRST COURT OF APPEALS |
| | OF TEXAS |
| Honda, The Owner of The Name | |
| Worldwide, Big Star Honda, et al., | |
| Defendants. | |

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

SEP 18 2015

CHRISTOPHER A. PRINE
CLERK

( IN APPEALS COURT, FILE ONLY AS "NOTICE")

~~WITH SUPPORTING AFFIDAVIT, NOTICE OF ORAL HEARING, CERTIFICATE OF CONFERENCE, CERTIFICATES OF SERVICE, PROPOSED ORDER AND PLAINTIFF "PROPHET RONALD DWAYNE WHITFIELD"'S MOTIONS FOR SANCTIONS AND TO STRIKE DEFENDANT'S AND DISTRICT CLERK'S AND TO SET ASIDE COURT'S "JUDGMENT AND ORDER" REGARDING MOTIONS TO DECLARE PLAINTIFF AS VEXATIOUS LITIGANT, AND CONTEST, PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE~~

and makes not a "general appearance,"
but a "special appearance" and would

# EXHIBIT 4

All motions of counsel for Defendant Reynold and Reynolds are _ordered_ striken from the record, including any motion labled a "contest" if it be seeking _relief_ from this court. IT IS FURTHER ORDERED counsel and Defendant Reynolds and Reynolds Shall pay Plaintiff herein in an amount of $5,000.00 for their actions for which made the basis for my orders.

The motion (labled a "contest") was not properly ever before this court and is hereby ordered striken. On As Judge of this court the Affidavit of Plaintiff wherein He fully complied with rule relating to indigency was not somehow called to my attention. I have authority to revisit my earlier order

4

# EXHIBIT 5

and "judgment" notwithstanding appeal pending. 1)NO ~~motion~~ certificate of conference had been filed; 2) Plaintiff had properly filed HIS Affidavit to sue on appeal; 3) That Affidavit is in the appellate record of appeal and stamp as filed BEFORE I rendered my order; 4) Plaintiff did not appear at hearing; 5) the ~~proposed~~ order that I signed and rendered and the clerk entered and issued is <u>NOT</u> the same proposed order that attorney submitted to me for my signature. 6) Plaintiff received neither actual nor constructive notice that I had not only signed an order that he never got to inspect <u>per</u> se, but also, no notice of nor order

5

# EXHIBIT 7

itself was forwarded by neither court clerk nor by attorney to plaintiff, which is probably why appeals court called plaintiff about this matter being perpetrated upon him, which He failed to then investigate.

Accordingly, for these reasons Harris County is ordered to pay plaintiff herein $5,000.00 for her stunts and one is hereby ordered to refrain from pulling any such future stunts in this case.

My orders shall be satisfied within (30) thirty days of entry.

6

# EXHIBIT 9

The losing party shall have a right to appeal these rulings as in ordinary appeals.

[DATED:]

/s/ _____
Judge Presiding

CERTIFICATE OF CONFERENCE

I, the undersigned, was told to "tell the JUDGE. DON't tell me nothing (sic)!" by attorney for Harris canty. Thus, no conference was had at all.

7

# EXHIBIT 10

As the Defendant's counsel, I not only talked over the phone on yesterday and was informed that a contest would be coming and an amended motion to declare me as vexatious, ect., and informed that this motion would be opposed, but also I called today the Friday, 18 Sept. 2015, A.D. counsel and my call was not returned. I informed I will bring these motions for both yesterday and today Prophet

8

# EXHIBIT 11

to the court for rulings.

Certificate of
service

I, the undersigned, caused
"counsel of record" (although
I can see no evidence of
this) to receive a true
copy of this filing.

# EXHIBIT 8

## AFFIDAVIT OF FACTS

Judge there is -- as MLK -- I can now understand poor MLK. Time, time, time.

Judge, without need to conduct the hearing, you have "authority" to rule on these motions as a matter of law — as they relate to counsel's motions to contest and declare me mad...

Rather than take time and do this like I used to in early and late 90s' in state and federal court like attorneys drafting pleadings

# EXHIBIT 1

like attorneys drafting pleadings,
suffice it to say

since counsels know-and that is
why they omitted- that the
~~time~~ within which to bring these
motions to declare me ~~mad~~-
or vexatious has ~~passed~~, the
court has no power to ~~rule~~
~~or~~ grant relief, ~~nor~~ a
statute of limitation. I do
not waive it (if that were
possible). Why do counsels
try to beat REAL God? is
what is crazy and vexatious.

As to contest, not only
is that too late, but also
Texas law authorize the

# EXHIBIT 6

Affidavit. Construction Code and Applicability have no Issues against what I do. Nor has Texas Attorney General, DA, ect., just these counsels whom have already lost. Earth, Wind, Fire, Gas. (Even were their motions timely they know they cannot satify the requirements of the law for so declaring. The Court has jurisdiction. I have standing to sue.

You already "denied" their motions to Dismiss. Thus, as to my chances of winning or losing. wow. The Legislature has overstepped.

# EXHIBIT 12

Nevertheless, since we know a person may be guilty or innocent and a jury is still free to vote how it chooses in spite of this, I fail to see the point. Although Elvis Presley was guilty, the women jurors thought Him pretty and handsome and voted to not convict him. The Harris County DA lost but the evidence showed.

In any event, counsels have not demonstrated why a God-fearing jury would vote to ignore the EVIDENCE and declare Defendants here the winner. As such, they

# EXHIBIT 9

have made no efforts to satisfy the statute's requirements. They cannot get any judgments orders into evidence; <u>nor</u> have not claimed they will call judges to testify; no certified records attached; no certified docket sheets; no mandates; cannot <u>prove</u> 1 attempted to reliate claims, ect.

They cannot prove not one(1) material element. Without the Earth, life will cease to exist; it is an essential element to maintain life on

# EXHIBIT 14

earth. The fact that i pretend to be sometime stupid counsels ought to rely on.

As for Harris county, the following — incorporated herein fully — speak for themselves.

DATED Friday, 18 Sept. 2015

~~Executed under perjury. Tex. Civ. Prac. & Rem. Code. §§ 132. 001, et seq.~~

Judge, under penalty of perjury — my phone records <u>all</u> conversations, incoming and outgoing, too, I verify that I did <u>not</u> have a conference call <u>BEFORE</u> Consels in this case filed their motions, other than the motion I received today, Friday, 18 Sept. 2015, to contest my Affidavit of indigency. Mr. Pappas did not call and talk to me about filing his motion. Mr. Allen did not call

me about filing his motions. I did talk to his law partner regarding filing of contest. The statement in attached and mr. Pappas ~~can~~ certificate of conference SUBSEQUENTLY mailed to me are defective. If court had no jurisdiction at time it sentenced me to death, jurisdiction will not "arise through the passage of time." Since counsels failed ~~to contest affidavit~~ (ITC attorney to file their ~~con~~ certificate of conference ~~with~~ motion and failed to conference with me before and at anytime) the rule is not satified and executed Tex. Civ. Proc & Rem code 132.001 et seq /s/

DATED 18 friday 2015 sept. /s/

CAUSE NO. 2015-08974

PROPHET WHITFIELD § IN THE DISTRICT COURT OF

V. § HARRIS COUNTY, TEXAS

BIG STAR HONDA § 295TH JUDICIAL DISTRICT

ORDER TO PAY COSTS

BE IT REMEMBERED that on this day came on to be heard the Contest to the Affidavit of Inability to Give Cost Bond of Affiant, in the above numbered and entitled cause. The Court, after calling the above entitled and styled cause, finds that Affiant (did) or (did not) appear therefore is ordered to pay the costs of appeal or any part thereof, or to give security therefore, that the affidavit PROPHET WHITFIELD was not filed in good faith and that such contest should be and is hereby sustained.

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED, that the Contest to the affidavit of Affiant PROPHET WHITFIELD to proceed in this matter without payment of the costs of appeal or any part thereof, or to give security therefore is SUSTAINED.

SIGNED this _____ day of _____.

_____
JUDGE PRESIDING

P-1
PONAY
CONSO

CAUSE NO. 2015-08974

PROPHET WHITFIELD,

Plaintiff

vs.

BIG STAR HONDA,

Defendant

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

OF HARRIS COUNTY, TEXAS

295th JUDICIAL DISTRICT

## JUDGMENT AND ORDER SUSTAINING CONTEST TO PAUPER'S OATH

Came on to be considered the Contest to the Affidavit of Inability to Give Cost Bond of Affiant, in the above numbered and entitled cause. Affiant was notified of the Contest by certified mail return receipt requested and regular mail. Upon consideration, the Court finds that Plaintiff did not comply with TRAP 20.1(b) in his Affidavit of Inability to Give Cost Bond. Plaintiff's Affidavit does not contain, as required by TRAP 20.1(b), "complete information about": (1) personal property Plaintiff owns; (2) cash Plaintiff holds and amounts on deposit he may withdraw; (3) Plaintiff's other assets; (4) the nature and amount of Plaintiff's debts; (5) the nature and amount of Plaintiff's monthly expenses; and (5) Plaintiff's ability to obtain a loan for court costs. Therefore, the Court must SUSTAIN the Contest to the Affidavit of Inability to Give Cost Bond of Affiant. Accordingly, it is

ORDERED, that the Contest to the Affidavit of Affiant Prophet Whitfield to proceed in this matter without payment of the costs of appeal or any part thereof, or to give security therefore is SUSTAINED. It is, further,

ORDERED that the District Clerk shall not proceed or process any further actions or settings on this case unless and until the Affiant Prophet Whitfield pays and/or deposits in full all costs of this appeal.

Signed this 17th day of June, 2015.

*Caroline Baker*

Judge Presiding

**RECORDER'S MEMORIANDUM**
*This instrument is poor quality
at the time of imaging*

HOU02 1257721

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to the following counsel of record via certified mail, return receipt requested, facsimile and/or messenger on this the _____ day of September, 2015:

Prophet Ronald Dwayne Whitfield
7522 La Salette Street
Houston, Texas 77021

JOHN C. ALLEN
JOHN WILLIAM DAUGHERTY, JR.

## CERTIFICATE OF CONFERENCE

The subject of whether Plaintiff, Prophet Ronald Dwayne Whitfield, will be declared a vexatious litigant, was discussed in open court at the hearing on September 14, 2015, before the pending motion – to which Defendant, The Reynolds and Reynolds Company was a party – was passed. Plaintiff is opposed to being declared a vexatious litigant.

JOHN C. ALLEN
JOHN WILLIAM DAUGHERTY, JR.

False representations; no such matter; "on September 14, 2015, before the pending motion... was passed."

Both the rules and Judge Englehart expressly state conference must take place BEFORE motion be filed, ect.

JAllen PC @ swbell.net

CAUSE NO. 2015-08974

PROPHET WHITFIELD §    IN THE DISTRICT COURT OF

v. §    HARRIS COUNTY, TEXAS

BIG STAR HONDA §    295TH JUDICIAL DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice of Hearing, District Clerk's Contest of Affidavit of Indigence, Motion for the Request for an Extension of Time and proposed Order thereon were sent by regular mail and/or certified mail, return receipt requested, on MAY 28, 2015 to the following:

Official Court Reporter
295TH Judicial District Court
201 Caroline
Houston, Texas 77002

PROPHET WHITFIELD
7522 LASALETTE
HOUSTON, TX 77021       Certified Mail 7014 2870 0002 2730 2403
                             Return Receipt Requested

HARRISON GREGG JR.
Senior Assistant County Attorney

## CASE SUMMARY

CAUSE NO. 2015-68974

PROPHET WHITFIELD                    §        IN THE DISTRICT COURT OF

v.                                   §        HARRIS COUNTY, TEXAS
                                     §
BIG STAR HONDA                       §        295TH JUDICIAL DISTRICT

## NOTICE OF HEARING BY SUBMISSION

Please be advised that on JUNE 8, 2015 AT 8 AM, in the 295TH District Court of Harris County, Texas, the District Clerk's Contest of Affiant's Affidavit of Inability to Pay Costs will be presented to the Court for a ruling.

Respectfully submitted,

VINCE RYAN
County Attorney
TX Bar No. 99999939

By: _____
Harrison Gregg, Jr.
Texas Bar No: 08429500
Senior Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone:  (713) 274-5169
Facsimile:  (713) 755-8848

ATTORNEY FOR CONTESTANT
CHRIS DANIEL, HARRIS COUNTY
DISTRICT CLERK

| | | |
|---|---|---|
| PROPHET WHITFIELD | § | IN THE DISTRICT COURT OF |
| V. | § | HARRIS COUNTY TEXAS |
| BIG STAR HONDA | § | 295TH JUDICIAL DISTRICT |

## DISTRICT CLERK'S CONTEST OF AFFIDAVIT OF INDIGENCE
## TEXAS RULE of APPELLATE PROCEDURE 20.1

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the District Clerk of Harris County, Texas, enters a general denial and pursuant to TRAP 20.1, contests the Affidavit of Inability to Pay Costs of the Affiant previously filed herein, and in support of such contest states:

### I.

The District Clerk demands strict proof that the Affiant is unable to pay filing fees.

### II.

"A party who cannot pay the costs in an appellate court may proceed without advance payment of costs if:

    (1)    the party files an affidavit of indigence in compliance with this rule;

    (2)    the claim of indigence is not contested or, if contested the contest is not sustained by written order; and

    (3)    the party timely files a notice of appeal." TRAP 20.1(a)

### III.

The District Clerk alleges the Affiant has failed in complying with one or more of the statutory requirements under TRAP 20.1(b) which states:

"The affidavit of indigence must identify the party filing the affidavit and must state what amount of costs, if any, the party can pay. The affidavit must also contain complete information about:

    (1)    the nature and amount of the party's current employment income, government-entitlement income and other income;

    (2)    the income of the party's spouse and whether that income is available to the party;

(3)      real and personal property the party owns;

(4)      cash the party holds and amounts on deposit the party may withdraw;

(5)      the party's other assets;

(6)      the number and relationship to the party of any dependents;

(7)      the nature and amount of the party's debts;

(8)      the nature and amount of the party's monthly expenses;

(9)      the party's ability to obtain a loan for court costs;

(10)    whether an attorney is providing free legal services to the party without a contingent fee; and

(11)    whether an attorney has agreed to pay for advance court costs."

## IV.

For these reasons, the District Clerk asks the court to deny the Affiant's request to proceed as an indigent without paying costs and sustain the District Clerk's contest.

Respectfully submitted,

VINCE RYAN
County Attorney
TX Bar No. 99999939

By: _____
HARRISON GREGG JR.
TX Bar No. 08429500
Senior Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5169
Facsimile: (713) 755-8848

ATTORNEY FOR CHRIS DANIEL
HARRIS COUNTY DISTRICT CLERK



The Office of Vince Ryan
County Attorney

Chris Daniel
Harris County District Clerk
201 Caroline, Ste 420
Houston, Texas 77002

Re:    Cause NO. 2015-08974; *PROPHET WHITFIELD v. BIG STAR HONDA*;
In the 295TH District Court of Harris County, Texas, County Attorney
File No. 479805.

Dear Mr. Daniel:

Transmitted herewith for filing in the above referenced cause please find a Request for Extension and Notice of Hearing, Clerk's Contest of Affidavit of Inability to Pay Costs, and proposed Orders thereon.

Thank you for your courtesy and assistance in this matter.

Very truly yours,

VINCE RYAN
County Attorney

HARRISON GREGG JR.
Senior Assistant County Attorney

VR/HG/kdr
Attachments